Robert Lee TAYLOR, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 1, 1993.

Permission to Appeal Denied by Supreme Court March 28, 1994.

---

Periann Stark, Trenton, for appellant.

Charles W. Burson, Atty. Gen., and Rebecca L. Gundt, Asst. Atty. Gen., Nashville, Clayburn L. Peeples, Dist. Atty. Gen., and Edward L. Hardister, Asst. Dist. Atty. Gen., Trenton, for appellee.

## OPINION

BIRCH, Judge.

The petitioner, Robert Lee Taylor, appeals the trial court's dismissal of his post-conviction petition after an evidentiary hearing. As modified, the judgment is affirmed.

Taylor was convicted August 17, 1982, of felony murder and received the sentence of imprisonment for life he now serves. The judgment was affirmed.[1]

On April 4, 1989, Taylor filed a *pro se* petition for post-conviction relief. After much effort on his part, counsel was appointed to represent him. With counsel's help, Taylor filed an amended petition on July 14, 1992. In the amended petition, he principally contended that he did not receive the effective assistance of counsel during the convicting trial in 1982.

The petitioner's first issue arises from the trial court's judgment regarding collec-

---

1. *State v. Taylor*, 669 S.W.2d 694 (Tenn.Crim. App.1983), *p.t.a. denied*, Mar. 6, 1984.

tion of the costs of the post-conviction proceedings. As part of that judgment, the trial court ordered:

The costs of this cause shall be computed by the Clerk of this Court as set forth in the aforesaid Findings of Fact and Conclusions of Law and shall forward to the Warden of the Lake County Regional Correctional Facility, and any other facility of the Tennessee Department of Correction in which petitioner is held, a copy of this Order, and a bill of costs in these proceedings, and it is further ordered that any and all funds belonging to or payable to Robert Lee Taylor be and hereby are attached and shall be forwarded by the warden of such facility to the Clerk of this Court to be applied in payment of said costs until paid in full.

In regard to collection of costs in criminal cases, T.C.A. § 41–21–217 provides that any funds received by the warden from a prisoner upon his entrance into the penitentiary are subject to the satisfaction of any judgment for fines and costs.

Additionally, T.C.A. § 41–21–512 includes:

After initial payment of board, the wages and salaries of employed inmates shall be disbursed for the following purposes in the order set forth:

(1) Necessary travel expenses to and from work and associated incidental expenses;

(2) Support of dependents . . . ;

(3) Payment of any outstanding court costs assessed inmates. . . .

We are therefore constrained to vacate the trial court's order insofar as it provides:

that any and all funds belonging to or payable to Robert Lee Taylor be and hereby are attached and shall be forwarded by the warden of such facility to the Clerk of this Court to be applied in payment of said costs until paid in full.

We direct that all such funds received by the clerk pursuant to the order be returned forthwith to the warden, in trust for the use and benefit of Robert Lee Taylor. The warden shall then disburse said funds as applicable statutes and laws provide or as the appropriate civil forum may direct.

■ As stated, Taylor's petition chiefly concerns the quality of assistance he received from trial counsel. In a post-conviction proceeding, the petitioner must prove the allegations contained in his petition by a preponderance of the evidence. *State v. Kerley*, 820 S.W.2d 753 (Tenn.Crim.App.1991); *Oliphant v. State*, 806 S.W.2d 215 (Tenn.Crim.App. 1991).

■ On appeal, the findings of the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. *Rhoden v. State*, 816 S.W.2d 56 (Tenn.Crim.App.1991); *Brooks v. State*, 756 S.W.2d 288 (Tenn.Crim. App.1988).

■ To establish a violation of his constitutional right to effective assistance of counsel, under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the petitioner must show that the services rendered by the attorney fell outside the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that the outcome of the proceeding was affected by the counsel's unprofessional errors. *State v. Melson*, 772 S.W.2d 417 (Tenn.1989); *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975).

■ Accordingly, we review to determine whether the evidence adduced on the issue at the post-conviction hearing preponderates against the trial court's judgment. In so doing we are bound by certain well established rules of appellate review: (1) this court cannot reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial judge, (2) questions concerning the credibility of witnesses, weight and value to be given their testimony, and factual issues raised by evidence are resolved by the trial judge, and (3) on appeal, the petitioner has the burden of demonstrating why the evidence contained in the record preponderates against the judgment entered by the trial judge. *Black v. State*, 794 S.W.2d 752, 755 (Tenn.Crim.App.1990).

■ Preliminarily, we note that Taylor has failed to brief the issues concerning dis-

covery motions and changes of venue. We deem them waived. Tenn.R.Crim.App. 19(b); Tenn.R.App.P. 27(a). Additionally, Taylor did not include a speedy trial issue in his post-conviction petition. We are therefore unable to address it. Tenn.R.App.P. 13(a).

 Taylor claims that trial counsel failed to advise him of the elements of the charges, potential defenses, trial risks, and failed

> to have a forensic evaluation performed on [him] to determine if petitioner was competent to assist counsel at trial and to see if petitioner had an insanity defense available.

The trial court found, as a matter of fact, that Taylor was well advised of the trial particulars, and there was no evidence to suggest that Taylor was mentally incompetent.

Next, Taylor charged that trial counsel failed to interview and call certain witnesses to testify in his behalf. He claimed that the testimony would have provided an alibi defense. Trial counsel testified that he interviewed all witnesses named by Taylor who could be located. The trial court found that Taylor did not show that any witness could have provided an alibi for him.

As a final allegation, Taylor says that trial counsel failed to file a writ of error coram nobis in his behalf. This allegation is based on the fact that Taylor furnished his trial counsel a written statement purportedly authored by Henry Jackson stating that Willie Frank Bunch confessed to the killing for which Taylor had been convicted. Jackson was a fellow inmate with Taylor when the statement was allegedly made. Additionally, the record reveals that the state's trial theory was that Bunch and Taylor were co-perpetrators of the murder. Because each aided and abetted the other, the specific conduct of one is attributable to the other. *State v. Grooms,* 653 S.W.2d 271 (Tenn.Crim.App. 1983). Under these circumstances, we doubt that such a statement could qualify as newly-discovered evidence that would require a new trial. *Jones v. State,* 519 S.W.2d 398 (Tenn. Crim.App.1974), *cert. denied* Feb. 3, 1975. Moreover, the trial court indicated that it would not have granted a new trial on the basis of newly-discovered evidence.

In this cause, the trial court refused to accredit any of Taylor's testimony except for matters which were obviously true or otherwise proven in the record. We are unable to find that the evidence preponderates against any one of the findings made by the trial court.

Inasmuch as Taylor has failed to satisfy either of the *Strickland* requirements, we affirm the judgment of the trial court in all things except the attachment for the collection of fines and costs, a matter which we have disposed of earlier in this opinion.

WADE, J., and LLOYD TATUM, Special Judge, concur.

