# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY SESSION, 1996

FILED

April 17, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TONY V. CARRUTHERS, | ) | C.C.A. NO. 02C01-9505-CR-00130 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. BERNIE WEINMAN |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post Conviction Relief) |


FOR THE APPELLANT:

MR. CRAIG V. MORTON, II
Attorney at Law
212 Adams Avenue
Memphis, TN  38103

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

CLINTON J. MORGAN
Attorney General's Office
450 James Robertson Parkway
Nashville, TN  37243

JOHN W. PIEROTTI
District Attorney General

REGINALD R. HENDERSON
Assistant District Attorney
201 Poplar Avenue
Third Floor
Memphis, TN  38103


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The Appellant, Tony Von Carruthers, was convicted of aggravated assault in 1990. He was sentenced to ten years imprisonment. In September of 1992, Appellant petitioned for post-conviction relief in the Shelby County Criminal Court alleging that he received the ineffective assistance of counsel in violation of his rights under the Sixth Amendment to the United States Constitution. Following an evidentiary hearing, the trial court denied Appellant's petition. On appeal, Appellant again asserts that his trial attorney inadequately prepared and presented the defense at trial and that the lower court erroneously concluded otherwise. Finding no error in this record with regard to the denial of the petition, we affirm the decision of the criminal court.

When an Appellant's post conviction claim involves the Sixth Amendment right to effective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his or her counsel's representation fell below the objective standard of Baxter and, additionally, that this sub-standard representation actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984).

Our Supreme Court has held that "[t]o establish actual prejudice, the defendant must demonstrate that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. . . . A probability is 'reasonable' if it is 'sufficient to undermine confidence in the outcome' of the proceeding." Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994) (quoting Strickland, 466 U.S. at 694).

"In post-conviction relief proceedings the Petitioner has the burden of proving the allegations in his [or her] petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in a post-conviction proceeding are conclusive on appeal unless the appellate court finds that the evidence preponderates against the findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). In reviewing the denial of collateral relief, this Court is bound by the following well established rules of appellate review:

> (1) this court cannot reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial judge, (2) questions concerning the credibility of witnesses, weight and value to be given their testimony, and factual issues raised by evidence are resolved by the trial judge, and (3) on appeal, the petitioner has the burden of demonstrating why the evidence contained in the record preponderates against the judgment entered by the trial judge.

Taylor v. State, 875 S.W.2d 684, 686 (Tenn. Crim. App. 1993) (citing Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990)).

The record reflects that, prior to his trial, Appellant was appointed four successive attorneys. Due to continuing dissatisfaction, he requested the dismissal of each of the first three. The Appellant's last attorney, who represented him at trial, was appointed less than a month prior to trial.

Several of the specific allegations raised by Appellant stem from the period of time between the trial attorney's appointment and the trial. Appellant claims that his attorney only interviewed him once before trial and then met with him a few times briefly in the court room. Also, Appellant maintains that the trial attorney failed to engage in discovery until the day of the trial.

To the contrary, the trial attorney testified that, once he took over the case, he immediately assigned an investigator from the public defender's office to the case. Counsel's notes, to which he constantly referred during the post-conviction hearing, reflected an adequate knowledge of Appellant's case. The trial judge found that "the trial attorney had adequately discussed the case with his client prior to trial and proper pre-trial investigation . . . had been made." We are unable to find that the evidence preponderates against this finding.

Furthermore, there is no evidence in the record that additional time between trial counsel's appointment and trial would have led to a different result in the case. As such, Appellant has failed to meet his burden of proving that any prejudice resulted from the attorney's allegedly dilatory discovery and inadequate pretrial investigation.

Only Appellant and his trial attorney testified at the post-conviction hearing. As indicated above, there was some discrepancy in their versions of the conversation and preparation which preceded the trial. The majority of Appellant's testimony related to his attorney's alleged failure to call certain witnesses whom Appellant felt would have been crucial to his defense. Appellant testified that, though he told his attorney about these witnesses, they

-4-

were never subpoenaed. He later admitted that two of the witnesses had in fact been subpoenaed.

The trial attorney testified that he attempted to locate every witness mentioned by Appellant. One of these potential witnesses was present at trial however he was not called as a witness because he claimed to have no personal knowledge of the events surrounding the shooting. Another potential witness, listed as a state's witness, had given a statement incriminating Appellant. Therefore, defense counsel did not call him. As for the third possible witness, the trial attorney had noted that Appellant had told him that he, Appellant, would communicate with this witness because contact by an attorney might offend the witness.

The trial court found that the trial attorney made an effort to locate all the witnesses of which he had knowledge. Appellant has presented naked allegations to the contrary without even a trace of evidence which preponderates against the trial court's findings. Moreover, Appellant has again failed to show any actual prejudice with regard to this point. There is no evidence that trial testimony of these witnesses would have been favorable to the accused had it been a part of the Appellant's defense. See Taylor v. State, 875 S.W.2d 684, 687 (Tenn. Crim. App. 1994) (no prejudice demonstrated where post-conviction petitioner failed to show that potential defense witnesses, who were not called by trial counsel, would have testified favorably). Indeed, the testimony of the trial attorney suggests that at least one of the witnesses gave a statement corroborating the State's version of the shooting while another claimed to know nothing about the crime.

Finally, Appellant insisted that certain medical records reflecting an inconsistency in the victim's statement with regard to how many times she was shot should have been admitted at trial. At the post-conviction hearing, the trial attorney testified the victim had stated on different occasions that she had been shot three and five times. The trial attorney reviewed the medical records which revealed that the witness had in fact been shot four times. Concluding that this information did not add significantly to the cross-examination of the victim, the trial attorney made a tactical decision not to refer to it. A reviewing court must defer to an attorney's trial strategy or tactical choices so long as they are informed and based upon adequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Vermilye v. State, 754 S.W.2d 82, 85 (Tenn. Crim. App. 1987).

Because we find that Appellant has failed to present evidence that preponderates against the trial court's conclusion that the advice given and the services rendered by the trial counsel were competent, we affirm the decision of the trial court .

_____
JERRY L. SMITH, JUDGE

CONCUR:

-7-

_____
DAVID G. HAYES, JUDGE


_____
LYNN W. BROWN, SPECIAL JUDGE