IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY SESSION, 1997

FILED

June 26, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9602-CR-00077 |
| Appellee | ) | |
| | ) | DAVIDSON COUNTY |
| vs. | ) | |
| | ) | Hon. J. RANDALL WYATT, JR., Judge |
| RONNIE C. TURNER, | ) | |
| | ) | (Aggravated Rape) |
| Appellant | ) | |

For the Appellant:

**JOHN B. BLAIR, III**
176 2nd Avenue, North
Suite 406
Nashville, TN 37201

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**PETER COUGHLAN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN. 37243-0493

**VICTOR S. (TORRY) JOHNSON III**
District Attorney General

**WILLIAM R. REED**
Asst. District Attorney General
Washington Square, Suite 500
222-2nd Avenue, N
Nashville, TN. 37201-1649

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Ronnie C. Turner, appeals from the dismissal of his petition for post-conviction relief. The appellant was indicted on six counts of aggravated rape by a Davidson County Grand Jury. Pursuant to a plea agreement, three of the counts were dismissed, with the appellant pleading guilty to the remaining three counts of aggravated rape. Under the terms of the plea agreement, the appellant received an effective sentence of fifteen years confinement in the Department of Correction. On April 4, 1995, the appellant filed for post-conviction relief alleging that his pleas were not voluntary and that his trial counsel was ineffective. The post-conviction court conducted an evidentiary hearing and denied relief. The appellant now appeals this denial alleging that trial counsel was ineffective for (1) failing to subpoena a witness at a suppression hearing; (2) failing to require the State to respond more specifically to his requested bill of particulars; and (3) failing to correctly inform him as to the amount of time it would take to "flatten his sentence."

In denying relief, the post-conviction court concluded that the appellant had not met his burden of proving that he had been deprived of the effective assistance of counsel and that his guilty pleas were voluntarily entered. To prove that he was denied the effective assistance of counsel, the appellant must show, by a preponderance of the evidence, Taylor v. State, 875 S.W.2d 684, 686 (Tenn. Crim. App. 1993), perm. to appeal denied, (Tenn. 1994), first, that counsel's representation fell below the range of competence demanded of attorneys in criminal cases, Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and, second, that, but for these errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984); State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn.), cert. denied, 493 U.S. 874, 110 S.Ct. 211 (1989). On post-conviction review, there is a strong

presumption of satisfactory representation, <u>Barr v. State</u>, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

First, the appellant contends that trial counsel failed to subpoena a potential witness in support of his defense. The appellant bears the burden of <u>presenting</u> that witness at the evidentiary hearing. <u>Black v. State</u>, 794 S.W.2d 752 (Tenn. Crim. App. 1990)(emphasis added).  The appellant failed to present such witness, thus, he fails to establish the prejudice prong mandated by <u>Strickland v. Washington</u>, *supra*. <u>Black</u>, 794 S.W.2d at 753.  Second, the appellant argues that trial counsel's failure to require the State to more specifically answer his bill of particulars, citing <u>Burlison v. State</u>, 501 S.W.2d 801 (Tenn. 1973), constitutes deficient performance.  Assuming, for argument's sake, that <u>Burlison</u> is applicable to guilty pleas, the appellant has failed to show prejudice resulting from trial counsel's failure to obtain a more specific bill of particulars.  Third, the record indicates that both the appellant's trial counsel and the trial court informed him as to the nature and consequences of his guilty pleas including the fact that he would become "parole eligible at thirty percent."  This issue is without merit.

When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. <u>Clenny v. State</u>, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), <u>cert. denied</u>, 441 U.S. 947, 99 S.Ct. 2170 (1979).  After reviewing the record, we cannot conclude that the evidence preponderates against the post-conviction court's findings.  Moreover, we find no error of law mandating reversal of the court's judgment.  The post-conviction court's dismissal of the appellant's petition for post-conviction relief is affirmed.

3

_____
DAVID G. HAYES, Judge


CONCUR:


_____
GARY R. WADE, Judge


_____
CURWOOD WITT, Judge