# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## OCTOBER SESSION, 1997

FILED

November 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

ISHAAN K. MUBARAK,     )
     )
     Appellant     )     No. 02C01-9706-CR-00211
     )
     )     SHELBY COUNTY
vs.     )
     )     Hon. W. FRED AXLEY, Judge
STATE OF TENNESSEE,     )
     )     (Post-Conviction)
     Appellee     )

For the Appellant:

**Richard F. Vaughn**
1928 - 100 N. Main
Memphis, TN 38103

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth T. Ryan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**William Gibbons**
District Attorney General

**Ms. Alanda Horne**
Asst. District Attomey General
Criminal Justice Complex
Suite 301, 201 Poplar Street
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

**OPINION**

The appellant, Ishaan K. Mubarak, appeals the Shelby County Criminal Court's order denying his petition for post-conviction relief. On July 10, 1992, a jury returned a verdict finding the appellant guilty of conspiracy to commit murder in the first degree. He is currently serving a twenty-five year sentence in the Department of Correction for this offense. On May 4, 1994, the appellant filed the instant petition for post-conviction relief alleging that he received the ineffective assistance of counsel. Specifically, he contends that trial counsel failed to adequately investigate the case and prepare for trial, failed to interview potential witnesses, failed to adequately cross-examine the State's witnesses, permitted two potential defense witnesses to remain in the courtroom thus disqualifying them from testifying, and advised the appellant against accepting the State's plea offer. The post-conviction court conducted an evidentiary hearing and denied relief. The appellant now appeals this denial.

The proof at the post-conviction hearing established that appellant's trial counsel was a ten-year veteran of the public defender's office in Shelby County. At the hearing, the appellant's trial counsel testified that he and previous counsel met with the appellant on at least four or five occasions. Trial counsel stated that the investigator with the public defender's office took the statements of all testifying witnesses and the victim in this case. After talking with the appellant's mother, counsel decided not to call her as a witness because her testimony contradicted that of the appellant's. The record indicates that counsel's cross-examination of State's witness, Hooker, was more than adequate. Counsel stated that he was unaware of the possibility of the two potential defense witnesses until after the witnesses had been sitting in the courtroom and after hearing the proof. Moreover, counsel stated that the appellant maintained his innocence and wanted to proceed to trial.

In denying relief, the post-conviction court accredited the testimony of the appellant's trial counsel and concluded that the appellant had not met his burden of proving that he had been deprived of the effective assistance of counsel. To prove that he was denied the effective assistance of counsel, the appellant must show, by a preponderance of the evidence, Taylor v. State, 875 S.W.2d 684, 686 (Tenn. Crim. App. 1993), perm. to appeal denied, (Tenn. 1994), first, that counsel's representation fell below the range of competence demanded of attorneys in criminal cases, Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and, second, that, but for these errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984); State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn.), cert. denied, 493 U.S. 874, 110 S.Ct. 211 (1989). On post-conviction review, there is a strong presumption of satisfactory representation, Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170 (1979). After reviewing the record, we cannot conclude that the evidence preponderates against the post-conviction court's findings. Moreover, we find no error of law mandating reversal of the court's judgment. The post-conviction court's denial of the appellant's petition for post-conviction relief is affirmed in accordance with Tenn. Ct. Crim. R. App. 20.

3

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOHN H. PEAY, Judge


_____
PAUL G. SUMMERS, Judge