IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1997 SESSION



**FILED**

| | | |
|---|---|---|
| CAVIOUS M. WATKINS, | * | C.C.A. # 02C01-9701-CR-00031 |
| Appellant, | * | SHELBY COUNTY |
| VS. | * | Hon. James C. Beasley, Jr., Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

**January 12, 1998**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

For Appellant:

Garland Erguden
Attorney
242 Poplar Avenue
Memphis, TN 38103

For Appellee:

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

Janet Shipman
Assistant District Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The defendant, Cavious M. Watkins, appeals the trial court's denial of his petition for post-conviction relief. In this appeal of right, the defendant contends that his pleas were neither knowingly nor voluntarily made due to the ineffective assistance of counsel. We find no error and affirm the judgment of the trial court.

Indicted on two counts of especially aggravated robbery and one count of felony murder, the petitioner entered into a plea agreement, acknowledging his guilt on each count. On June 1, 1995, the trial court imposed Range I, twenty-five-year sentences on each of the two robberies. A life sentence was imposed for the felony murder. The sentences are to be served concurrently.

On April 26, 1996, the petitioner filed a pro se petition for post-conviction relief, claiming that his guilty pleas were neither freely nor intelligently made due to the ineffective assistance of his retained trial counsel. An amendment to the petition included the specific allegation that the petitioner had been misinformed by his trial counsel as to his release eligibility date. He contended that he entered his plea based upon information that he would be eligible for release much sooner than as later determined through the Department of Correction.

The petitioner was seventeen years of age at the time of his plea and had completed the ninth grade. There was testimony that he had understood his prison sentence would last approximately seventeen years; however, he later learned that with maximum good time credits, his minimum sentence would be twenty-two years. While acknowledging that his trial counsel had met with him regularly to provide progress reports on his case, the petitioner testified that, in general, he did not understand the nature of the proceedings against him.

2

Trial counsel testified that he had learned through his investigation that the evidence against the petitioner was overwhelming. He learned that the defendant and each of his two co-defendants had admitted their participation in the crimes to the police. There was a videotape of the car the defendants used in the commission of the crimes. The victim who had survived the robbery was able to identify the petitioner as one of the robbers. Trial counsel asserted that the only defense possible was to require the state to meet its burden of proof on each of the elements of the crime. He expressed particular concern about the possibility of consecutive sentencing had a trial been demanded and recalled that the petitioner, when apprised of the results of the investigation, expressed a genuine desire to plead guilty so as to avoid a more onerous result.

Trial counsel specifically denied having informed the petitioner that he would be eligible for release within seventeen years. He testified that it was his understanding that a life sentence would consist of twenty-five years. Trial counsel claimed that it had been his policy to inform clients that release eligibility is solely determined by the Department of Correction and potentially influenced by overcrowding, earned sentence credits, or other incentives.

In its findings of fact and conclusions of law, the trial court determined that the petitioner's only complaint was that his trial counsel had represented that he would be eligible for parole in seventeen years. Otherwise, the petitioner had no quarrel with the quality of his work. The court observed that trial counsel had represented the petitioner over a period of two years, had fully investigated the matter, and had adequate prior experience by his participation in a number of murder trials. The trial court generally accredited the testimony of trial counsel, determining that the petitioner had failed to meet his burden of proving that the

pleas were not knowingly or voluntarily made. Implicit in the holding is that the petitioner was unable to establish to the satisfaction of the trial judge that he had been misinformed by his counsel about the release eligibility date.

In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). This two-part standard, as it applies to guilty pleas, is met when the petitioner establishes that, but for his counsel's errors, he would not have pled guilty and would have insisted on a trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). "Gross misadvice concerning parole eligibility can amount to ineffective assistance of counsel." Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir. 1988); see generally Adkins v. State, 911 S.W.2d 334 (Tenn. Crim. App. 1994) (holding failure of counsel to advise defendant as to collateral effects of guilty plea is not ineffective assistance).

The burden is on the petitioner to show that the evidence preponderates against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978). Otherwise, the findings of fact by the trial court are conclusive. Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973). In post-conviction claims, the credibility of the witnesses and the weight and value to be given their testimony is within the exclusive authority of the trial court. Taylor v. State, 875 S.W.2d 684, 686 (Tenn. Crim. App. 1993).

4

Here, the petitioner testified that his true release eligibility date was 2029, almost thirty-four years after his pleas. That date is erroneous as acknowledged by the petitioner in his appellate brief; thus, the testimony did not enhance the petitioner's credibility. The trial court deemed as significant the fact that no other witnesses testified on behalf of the petitioner as to his release eligibility date allegations even though trial counsel had consulted with other members of the petitioner's family prior to the acceptance of the plea agreement. We cannot disagree with the trial court's rationale. The record suggests that the petitioner may still be confused about his release eligibility date. From all of this, it is our view that the petitioner has been unable to demonstrate that the evidence preponderates against the finding made by the trial court that he had been represented within professional guidelines.

It follows then that the petitioner has failed to demonstrate that his plea was involuntary or unknowing. In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court ruled that defendants should be advised of certain of their constitutional rights before entering pleas of guilt. Included among those required warnings are the right against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Id. at 243. The overriding Boykin requirement is that the guilty plea must be knowingly and voluntarily made. Id. at 242-44. If the proof established that the petitioner was aware of his constitutional rights, he is entitled to no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats ....'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43).

The petitioner asserts that his plea was neither knowing nor voluntary

5

because he pled guilty expecting to serve a seventeen year sentence rather than a twenty-two year sentence. As we have previously determined, however, the petitioner has failed to meet his burden of showing that the evidence preponderates against the trial court's findings. The trial court found, and we have agreed, that the petitioner's trial counsel did not erroneously inform the petitioner he would serve only a seventeen year sentence. Moreover, the petitioner admitted at the post-conviction hearing that when he entered his pleas, he had understood he would receive a life sentence and two concurrent twenty-five year sentences; he further admitted that he understood each of his rights at that time. Thus, the record indicates a knowing and voluntary plea.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
David G. Hayes, Judge

_____
Joe G. Riley, Judge

6