# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1998 SESSION

FILED

June 11, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **TIMOTHY JOHN HICKMAN,** | ) |
| Appellant, | ) C.C.A. NO. 01C01-9711-CR-00527 |
| | ) |
| | ) **DAVIDSON COUNTY** |
| VS. | ) **(No. 94-A-59 Below)** |
| | ) |
| **STATE OF TENNESSEE,** | ) **The Hon. Cheryl A. Blackburn** |
| | ) |
| Appellee. | ) **(Denial of Post-Conviction Relief)** |

FOR THE APPELLANT:

WILLIAM A. LANE
3236 Dilton Mankin Road
Murfreesboro, TN 37127

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON III
District Attorney General

ROGER D. MOORE
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

JOE G. RILEY, JUDGE

## O P I N I O N

The petitioner, Timothy John Hickman, appeals the trial court's denial of his petition for post-conviction relief. In this appeal of right, the petitioner contends that his guilty plea was neither knowingly nor voluntarily made due to the ineffective assistance of his attorney. Based on our review, we affirm the judgment.

After being indicted on charges of aggravated rape, especially aggravated kidnapping, aggravated robbery, reckless endangerment, unlawful possession of a weapon, and possession of a prohibited weapon, the petitioner pled guilty to two counts of aggravated rape and one count of aggravated robbery. Pursuant to a plea agreement, he was sentenced as a Range I, standard offender, and received consecutive 20-year sentences for the aggravated rape charges and a concurrent 10-year sentence for aggravated robbery.

The issue raised in this appeal is whether the trial court erred by denying post-conviction relief based on the petitioner's claim that his guilty plea was not knowing and voluntary. Specifically, the petitioner contends that he was put in a position of making a decision to plead guilty without fully understanding the consequences and not feeling confident in the preparation of his attorney, along with the pressure he felt from being abused in the county jail. The appellant avers that if counsel had adequately prepared his case by investigating and interviewing all possible alibi witnesses, he would have been provided adequate information to allow for a reasonable justification for going to trial.

In order to receive post-conviction relief on the basis of ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). Moreover, the petitioner has the burden to show that the evidence preponderates against the findings of the trial court. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). Otherwise, the findings of

fact by the trial court are conclusive. Graves v. State, 512 S.W.2d 603, 604 (Tenn. Crim. App. 1973). In post-conviction claims, the credibility of the witnesses and the weight and value to be given their testimony is within the exclusive authority of the trial court. Taylor v. State, 875 S.W.2d 684, 686 (Tenn. Crim. App. 1993).

Moreover, in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court ruled that defendants should be advised of certain constitutional rights before entering guilty pleas, including the right against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Id. at 243. The overriding requirement under Boykin is that the guilty plea must be knowingly and voluntarily made. Id. at 242-44. If the proof establishes that the petitioner was aware of his constitutional rights, he is entitled to no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992).

At a hearing on the post-conviction petition, trial counsel and the petitioner testified. The proof showed that trial counsel was aware of the abuse problems the petitioner was facing in the county jail. She spoke with authorities to have him transferred to Williamson County. According to trial counsel, she met with the petitioner fifteen times before the guilty plea hearing and two or three times afterwards. The petitioner indicated to counsel that he wished to resolve the case as quickly as possible. Although the DNA report was not conclusive, in the opinion of trial counsel, the state's case was very strong based on the fact that the victim was confident in her testimony and gave an accurate description of the petitioner. Moreover, the petitioner was found in the victim's cab shortly after the crimes were committed. Finally, trial counsel testified that she went over the plea agreement in detail with the petitioner.

The petitioner testified that he decided to enter a guilty plea because he had been returned to the jail in Davidson County and was afraid of further abuse while awaiting trial and because his attorney told him she was taking off for the summer and would not be available to help him. Although the petitioner stated under oath at the guilty plea hearing that he had not been coerced or threatened into pleading guilty, he testified at the

-2-

post-conviction hearing that his attorney instructed him to tell the judge what she wanted to hear or else the plea would be denied.

In dismissing the petition, the trial court held that the plea was not the result of erroneous advise or coercion and that the plea was entered knowingly, voluntarily, and intelligently. The trial court also held that the petitioner's testimony regarding trial counsel's representation of him was not credible and that trial counsel's services were well within the range of competence demanded of attorneys in criminal cases.

The petitioner has failed to meet his burden of showing that the evidence preponderates against the trial court's findings. The trial court found, and we have agreed, that the petitioner was well represented by trial counsel. Furthermore, the hearing on the petitioner's guilty plea reflects that the trial court advised the petitioner of his constitutional and appellate rights and the fact that he was waiving those rights by pleading guilty. The petitioner indicated at the guilty plea hearing that he understood his rights and that he was not being coerced or threatened into waiving said rights. The trial court did not find the petitioner's explanations at the post-conviction hearing to be credible, and the evidence does not preponderate against that finding.

Accordingly, from our review of the record, we do not find that the evidence preponderates against the trial court's finding that the petitioner received effective assistance of counsel and that his pleas were knowing and voluntary. The judgment is affirmed.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
CURWOOD WITT, JUDGE

_____
LEE MOORE, SPECIAL JUDGE

-3-