**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON**

| | | |
|---|---|---|
| **ROBERT LEE TAYLOR,** | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9805-CC-00161** |
| | ) | |
| vs. | ) | **HAYWOOD COUNTY** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **No. 2903-CR** |
| | ) | |
| Respondent. | ) | |

**FILED**

**August 12, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**O R D E R**

This matter is before the Supreme Court upon the motion of the state to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the dismissal of the petitioner's second petition for post-conviction relief. In 1982, the petitioner was convicted of felony murder and sentenced to life imprisonment. The judgment was affirmed on appeal. State v. Taylor, 669 S.W.2d 694 (Tenn. Crim. App. 1983), perm. to app. denied, (Tenn. 1984). The petitioner, by and through counsel, subsequently filed a petition for post-conviction relief. The trial court dismissed the petition after conducting an evidentiary hearing. This Court affirmed the dismissal on appeal, Taylor v. State, 875 S.W.2d 684 (Tenn. Crim. App. 1993), perm. to app. denied, (Tenn. 1994).

On September 12, 1997, the petitioner filed his second petition for post-conviction relief. Finding that the petition did "not state any ground or claim upon which relief may or should be granted," the trial court dismissed the petition without appointment of counsel or an evidentiary hearing.

T.C.A. § 40-30-202(c) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed a petition that was resolved on the merits by the trial court and

by this Court on appeal, the petitioner's present petition was properly dismissed. Additionally, after reviewing the entire record on appeal, we find that the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened. See T.C.A. § 40-30-217.

Accordingly, we conclude that the trial court did not err in summarily dismissing the petitioner's petition for post-conviction relief. It is, therefore, ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. It appearing the petitioner is indigent, costs of this appeal shall be taxed to the state.

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE