IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2016

**EDWARD BRUCE COLEMAN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-3865     Monte D. Watkins, Judge**

---

**No. M2015-01747-CCA-R3-PC – Filed July 25, 2016**

---

The petitioner, Edward Bruce Coleman, appeals the denial of post-conviction relief from his 2010 Davidson County Criminal Court jury conviction of aggravated assault, for which he received a sentence of 12 years. In this appeal, the petitioner contends that the order denying post-conviction relief was inadequate and that he was denied the effective assistance of counsel. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Manuel B. Russ, Nashville, Tennessee (on appeal); and Jamie E. Machamer, Nashville, Tennessee (at hearing), for the appellant, Edward Bruce Coleman.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Davidson County Criminal Court jury convicted the petitioner of aggravated assault, and the trial court imposed a 12-year sentence. Although the defendant initially filed a notice of appeal, he later moved this court to voluntarily dismiss his appeal, which motion was granted. *See State v. Edward Bruce Coleman*, No. M2010-02055-CCA-R3-CD (Tenn. Crim. App., Nashville, Aug. 5, 2011) (order).

On March 19, 2012, the petitioner filed, pro se, a timely petition for post-conviction relief, alleging, *inter alia*, that he was deprived of the effective assistance of

counsel. Following the appointment of counsel and the amendment of the petition, the post-conviction court conducted an evidentiary hearing on June 10, 2013.

At the evidentiary hearing, the petitioner testified that, prior to the aggravated assault conviction at issue, he had been convicted of five prior felonies, including three convictions for armed robbery and two for aggravated assault. The petitioner stated that trial counsel never conveyed any plea offers to him and that trial counsel's associate was "the first person that told [him] the State was offering [him] seven years." The petitioner rejected the seven years outright, believing that his single charge of aggravated assault carried a possible sentence of only "three to five years[, so w]hy would [he] take seven." The petitioner explained that he had been operating under the erroneous impression that his prior five felonies fell "under the twenty-four hour crime spree" RULE and that he was still considered a Range I offender. According to the petitioner, trial counsel never advised him of his appropriate sentencing range. The petitioner testified that if trial counsel had advised him that he would be considered a Range III, persistent offender, he would have accepted the offer of seven years and pleaded guilty.

Trial counsel testified that the petitioner was correct in his assertion that her associate counsel had initially conveyed the seven-year plea offer but stated that her notes reflected that she had met with the petitioner one month later and engaged in a lengthy discussion "about his misunderstanding of the fact that [his prior convictions] made him range one." Her notes also referenced the plea offer. Trial counsel met with the petitioner on two more occasions and continued discussing the petitioner's appropriate sentencing range. She explained to him that, although his prior crimes had occurred within 24 hours of one another, the law "made an exception to the twenty-four hour merger rule for crimes of violence." Trial counsel stated that the petitioner "was always upset by the fact that the offer was bad," and trial counsel agreed that it "was not a great offer."

With respect to the decision to go to trial, trial counsel testified that the petitioner made the decision after discussing it with her. The petitioner was reluctant to accept the offer of seven years because he was "both in custody and out of custody during the pendency of this case," and "the worst [sentence] he was going to get was fifteen [years]." Trial counsel agreed that the petitioner ultimately received the minimum sentence for his range.

On cross-examination, trial counsel insisted that her plea discussions with the petitioner always centered around the fact that the petitioner "would be sentenced as a range three offender."

With this evidence, the post-conviction court denied relief, finding, in pertinent part, as follows:

> At the evidentiary hearing, trial counsel testified that she met with the [petitioner] on numerous occasions and advised him of the evidence against him. Further, the [p]etitioner was advised of [the] plea offer, the likelihood of conviction, the range of punishment as well as the implications of his previous criminal history.
>
> Therefore, the [c]ourt finds that [the p]etitioner has failed to demonstrate by clear and convincing evidence ineffective assistance of counsel in violation of a constitutional right to render his conviction and sentence void or voidable under the Post Conviction Relief Act. The [c]ourt does not find the [p]etitioner's testimony to be credible. Accordingly, the [c]ourt finds that [the p]etitioner has failed to show that he was prejudice[d] by counsel's allegedly deficient conduct.

In this appeal, the petitioner reiterates his claim of ineffective assistance of counsel, claiming that trial counsel performed deficiently by failing to inform him of his sentencing range and accompanying potential punishment. In addition, the petitioner contends that the post-conviction court's order denying relief does not comply with the Post-Conviction Procedure Act ("the Act"). The State contends that the post-conviction court's order was indeed appropriate and that the court did not err by denying relief.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

Before a petitioner will be granted post-conviction relief based upon a

claim of ineffective assistance of counsel, the record must affirmatively establish, via facts clearly and convincingly established by the petitioner, that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," *Kendrick v. State*, 454 S.W.3d 450, 458 (Tenn. 2015) (citing *Strickland*, 466 U.S. at 689), and "[t]he petitioner bears the burden of overcoming this presumption," *id.* (citations omitted). We will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

A claim of ineffective assistance of counsel is a mixed question of law and fact. *Kendrick*, 454 S.W.3d at 457; *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Kendrick*, 454 S.W.3d at 457; *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the record fully supports the ruling of the post-conviction court. First, with respect to the adequacy of the post-conviction court's order denying relief, the Act requires that the final order must "set forth . . . all grounds presented, and shall state the findings of fact and conclusions of law with regard to each ground." T.C.A. § 40-30-111(b). The post-conviction court clearly complied with these requirements, having identified the petitioner's claim for relief, summarized the scant proof presented, made specific credibility findings, and concluded that the petitioner

failed to prove deficient performance or prejudice. With respect to the petitioner's argument that trial counsel failed to inform him of his sentencing range and possible punishment, the evidence does not preponderate against the post-conviction court's finding that trial counsel had advised the petitioner of the "plea offer, the likelihood of conviction, the range of punishment as well as the implications of his previous criminal history." Moreover, the post-conviction court specifically found the petitioner's testimony lacked credibility, and we must defer to that court's resolution of credibility issues. *See State v. Massey*, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); *Taylor v. State*, 875 S.W.2d 684, 686 (Tenn. Crim. App. 1993). As such, we hold the petitioner has failed to prove by clear and convincing evidence that trial counsel's representation was deficient or prejudicial.

The petitioner failed to establish that he was denied the effective assistance of counsel at trial. Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE