**William Anthony BLACK, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 11, 1990.

Permission to Appeal Denied by Supreme Court July 2, 1990.

Thomas H. Ware, Nashville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Linda Ann Hammond, Asst. Atty. Gen., and D. Paul DeWitt, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

JONES, Judge.

This is an appeal as of right from the judgment of the trial court denying post-conviction relief following an evidentiary hearing.

The appellant was convicted of rebellion with the intent to escape. He was subsequently sentenced to life in the Department of Correction. This Court affirmed his conviction,[1] and the Supreme Court denied his application for permission to appeal.[2] He

---

1. *State v. Black,* 745 S.W.2d 302 (Tenn.Crim. App.1987).

2. The application for permission to appeal was denied December 28, 1987.

entered a plea of guilty to the offense of attempted escape, which arose out of the same occurrence.

On May 2, 1988, the appellant filed a petition for post-conviction relief with the clerk of the trial court. An amended petition, which was adopted by counsel, was filed in the cause on October 31, 1988. The trial judge dismissed the petition following an evidentiary hearing.

## ISSUES PRESENTED FOR REVIEW

The appellant raises four issues for our review. He contends that (a) Tenn.Code Ann. § 39-5-712, which proscribes the offense of which the appellant stands convicted, is unconstitutional, (b) his constitutional right not to be placed in jeopardy twice for the same offense was violated, (c) the evidence was insufficient to support his conviction, and (d) his constitutional right to the effective assistance of counsel was violated.

## STANDARD OF APPELLATE REVIEW

■ When the petitioner in a post-conviction proceeding is granted an evidentiary hearing to ventilate the grounds raised in his petition, the trial judge's findings of fact and conclusions of law are afforded the weight of a jury verdict. Consequently, this Court is bound by the trial judge's findings of fact unless we conclude that the evidence contained in the record preponderates against the judgment entered in the cause.[3]

Where, as here, the petitioner seeks to vitiate a conviction on the ground counsel was ineffective in his representation, the petitioner must establish by a preponderance of the evidence (a) the services rendered or advice given by counsel fell below "the range of competence demanded of at-torneys in criminal cases",[4] and (b) the unprofessional conduct or errors of counsel "actually had an adverse effect on the defense".[5] If the petitioner fails to establish either factor, he is not entitled to relief on this ground.[6]

■ Since the trial judge found the appellant failed to establish that he was entitled to post-conviction relief, we review the record for the purpose of determining whether the trial court's findings of fact preponderate against the judgment entered by the trial judge.[7] In doing so we are bound by certain well-established rules of appellate review. First, this Court cannot reweigh or reevaluate the evidence; nor can we substitute our inferences for those drawn by the trial judge. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not this Court. Third, the appellant has the burden in this Court of illustrating why the evidence contained in the record preponderates against the judgment entered by the trial judge. With these rules in mind, we will proceed to consider the merits of the appellant's contentions.

## CONSTITUTIONALITY OF TENN.CODE ANN. § 39-5-712

The appellant contends that Tenn.Code Ann. § 39-5-712, the statute which ~ro-scribes the offense of rebellion, is unconstitutional because it embraces more than one subject. The trial court concluded that this ground was waived when it was not raised as part of the appellant's appeal as of right following his conviction.

See *Best v. State,* 708 S.W.2d 421, 422 (Tenn. Crim.App.1985); *Williams v. State,* 599 S.W.2d 276, 279 (Tenn.Crim.App.1980).

**3.** *Teague v. State,* 772 S.W.2d 932, 933–934 (Tenn.Crim.App.1988); *Brooks v. State,* 756 S.W.2d 288, 289 (Tenn.Crim.App.1988); *Vermilye v. State,* 754 S.W.2d 82, 84 (Tenn.Crim.App. 1987).

**4.** *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn. 1975).

**5.** *Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 697 (1984).

**6.** *Strickland v. Washington,* supra; *Brooks v. State,* supra; *Vermilye v. State,* supra.

**7.** *Brooks v. State,* supra at 290; *Vermilye v. State,* supra at 84.

■ The opinion of this Court,[8] affirming the appellant's conviction, reflects that the appellant raised the constitutionality of this statute as an issue on direct appeal.[9] In that appeal, the appellant contended that the statute was unconstitutionally vague and the statute did not relate to any legitimate end of government. The appellant did not attack the constitutionality of this statute on the ground advanced in this proceeding.

A ground for relief is deemed to have been waived when "the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." [10] There is a statutory presumption, rebuttable in nature, that a ground for relief not raised in a prior proceeding was waived by the petitioner.[11]

The petition, as amended, does not allege a legal excuse as to why the mandate of Art. II, § 17 was not advanced in support of the appellant's theory on direct appeal. Also, neither the appellant nor the appointed attorney was questioned about this ground during the evidentiary hearing. Consequently, there is no evidence contained in the record which addresses the question of waiver.

In his brief, the appellant states: "... appellant would show unto the Court that the 'waiver' of this averment was not a voluntary, knowing and intelligent waiver of his rights, but is a further illustrative showing of his contention in averment IV herein, that being he was denied effective assistance of counsel, both at trial, and on his direct appeal." The fallacy of the argument is two-fold. First, as previously indicated, there is no evidence in the record to support this argument. Second, the record is void of evidence that the services rendered by counsel in the appellate court fell below the "range of competence demanded of attorneys in criminal cases." [12] Also, the appellant has failed to illustrate how the failure to advance this particular argument enured to his prejudice.[13]

■ Contrary to the appellant's contention, the statute does not violate Art. II, § 17. Simply stated, the statute proscribes a rebellion with the intent to (a) kill the warden, (b) kill any other prison official or officer, or (c) escape. A statute which recites that the offense proscribed can be committed in different ways is not unconstitutional.

This issue is without merit.

## DOUBLE JEOPARDY VIOLATION

■ The appellant contends that his convictions for the offense of rebellion with the intent to escape and an attempt to escape violates the Double Jeopardy Clause contained in the United States and Tennessee Constitutions. The appellant candidly admits in his brief that this ground was not raised in the trial court or in his appeal as of right following his conviction. The trial judge properly found that this ground had been previously waived.

■ We parenthetically note that the appellant's convictions for rebellion with the intent to escape and an attempt to escape do not violate the double jeopardy provisions of either the United States or Tennessee Constitutions. The offense of attempt-

---

8. *State v. Black,* supra.

9. *State v. Black,* supra at 304–305.

10. Tenn.Code Ann. § 40–30–112(b)(1). *See State v. Miller,* 668 S.W.2d 281, 284–285 (Tenn. 1984); *Givens v. State,* 702 S.W.2d 578, 580 (Tenn.Crim.App.1985); *Forrest v. State,* 535 S.W.2d 166, 167 (Tenn.Crim.App.1976).

11. Tenn.Code Ann. § 40–30–112(b)(2). *Teague v. State,* 772 S.W.2d 915, 923–924 (Tenn.Crim. App.1988) [failure to raise issue on direct appeal resulted in waiver of issue]; *Strouth v. State,* 755 S.W.2d 819, 832 (Tenn.Crim.App.1986) [fail-

ure to raise issue on direct appeal resulted in waiver of issue]; *State v. Higgins,* 729 S.W.2d 288, 290 (Tenn.Crim.App.1987) [failure to raise issue on direct appeal resulted in waiver of issue]; *Burt v. State,* 2 Tenn.Crim.App. 408, 413, 454 S.W.2d 182, 185 (1970) [failure to raise issue on direct appeal resulted in waiver of issue].

12. *Baxter v. Rose,* supra at 936.

13. *Strickland v. Washington,* supra; *Williams v. State,* supra.

ed escape is not a lesser included offense of rebellion with the intent to escape.

This issue is without merit.

## INSUFFICIENCY OF THE CONVICTING EVIDENCE

■ The appellant contends that the evidence adduced during his trial was insufficient to sustain his conviction. He concedes that this issue was not raised in his appeal as of right following his conviction. For this reason, the trial judge found that the appellant had waived this ground.

It has long been established that the sufficiency of the convicting evidence is not cognizable in a post-conviction proceeding.[14] Thus, the trial judge properly held that the appellant was not entitled to post-conviction relief on this ground.

We parenthetically note that the convicting evidence was sufficient for a rational trier of fact to find the appellant guilty of the offense of rebellion with the intent to escape beyond a reasonable doubt.[15]

This issue is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The appellant contends that he was denied his constitutional right to the effective assistance of counsel because the attorney who represented him: (a) failed to properly investigate the facts and circumstances surrounding the offenses alleged in the indictment, (b) failed to seek a severance of defendants, (c) failed to assert a viable defense, (d) failed to properly prepare and argue the motion to suppress the appellant's statements to prison officials, (e) permitted the appellant to stand trial while he was under the influence of a narcotic substance, and (f) pled the appellant guilty to attempted escape without the appellant's consent. The trial judge found that the appellant failed to establish the services rendered by trial counsel fell below the range of competence demanded of attorneys or that the conduct of counsel had an adverse effect on his defense. We agree.

■ The only evidence that trial counsel failed to properly investigate the facts was the conclusory statement of the appellant. However, the appellant conceded that he didn't remember everything that occurred before and during the trial. On the other hand, trial counsel testified he had several conversations with the appellant. Three of these conversations took place at the prison. He also had conversations with the appellant before and after several court appearances. Counsel also talked to witnesses, obtained the statements of several inmates, and a diagram of the guild where the crime occurred. The appellant did not provide counsel with the names of any witnesses.

■ When a petitioner conte..us that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing. As a general rule, this is the only way the petitioner can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner. It is elementary that neither a trial judge nor an appellate court can speculate or guess on the question of whether further investigation would have revealed a material witness or what a witness's testimony might have been if introduced by defense counsel. The same is true regarding the failure to call a known witness. In short, if a petitioner is able to establish that defense counsel was defi-

14. *Gant v. State,* 507 S.W.2d 133, 137 (Tenn. Crim.App.1973); *Ray v. State,* 489 S.W.2d 849, 851 (Tenn.Crim.App.1972); *Parton v. State,* 483 S.W.2d 753, 755 (Tenn.Crim.App.1972); *Brotherton v. State,* 477 S.W.2d 522, 524 (Tenn.Crim. App.1971).

15. Tenn.R.App. P. 13(e); *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

cient in the investigation of the facts or calling a known witness,[16] the petitioner is not entitled to relief from his conviction on this ground unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called. Otherwise, the petitioner fails to establish the prejudice requirement mandated by *Strickland v. Washington.*

■ The appellant has failed to establish that counsel's conduct was deficient because he failed to file a motion for severance of defendants. First, the appellant and trial counsel discussed the feasibility of filing a motion for severance of the defendants, and the appellant agreed with counsel that the filing of such a motion would have been an effort in futility. There was neither factual nor legal basis for the granting of a severance. Second, the record reflects that the trial judge had denied a co-defendant's motion to sever; and the trial judge stated on the record that the four defendants would be tried together.

In a proper case, a defendant may be granted a severance due to the disparity of the evidence between co-defendants.[17] However, "a strong showing of prejudice" is required before a severance will be granted on this ground.[18] The prejudice requirement is not established "simply because much of the evidence presented at trial is applicable only to his co-defendants."[19] Rule 8(b), Tenn.R.Crim.P., contemplates that evidence may be admitted against one or more defendants which is not necessarily applicable to other defendants.[20]

The appellant failed to establish that he was entitled to a severance of defendants due to the disparity in the evidence. The evidence contained in the record of the trial

proceedings reveals that the application for a severance of defendants would indeed have been an effort in futility. Consequently, trial counsel was not ineffective for failing to file a motion for severance, particularly after the appellant agreed that such a motion would not have been successful and there was no basis in fact or law for the granting of a severance. Historically, the appellate courts of this State have permitted defendants to be tried jointly when the defendants are charged with the same identical offenses, the offenses occurred simultaneously, and the same evidence is required to establish the guilt of all defendants. Moreover, the Rules of Criminal Procedure permit joinder of multiple defendants when the defendants are charged with accountability for each offense contained in the charging instrument.[21]

■ While the appellant contends that defense counsel failed to assert a viable defense, the record of the trial proceedings and the evidentiary hearing fails to establish that the appellant had a viable affirmative defense. The record reflects that the appellant and his brother had attempted to escape from the prison shortly before the date in question, they planned and were the "ring leaders" of the escape that was attempted on the date in question, the appellant and others were outside of their respective cells, and there was evidence of their concerted effort to escape. In addition, a prison guard was severely beaten. The appellant stated the beating of the officer was "an accident" because the officer happened to get "in the middle of it [their effort to escape]."

The main thrust of defense counsel's strategy was an attack upon the constitu-

---

**16.** We do not hold that trial counsel's performance was deficient in this respect.

**17.** *United States v. Mardian,* 546 F.2d 973, 977 (D.C.Cir.1976) (en banc); *United States v. Gaines,* 563 F.2d 1352, 1355 (9th Cir.1977).

**18.** *State v. Brugman,* 655 F.2d 540, 543 (4th Cir.1981); *State v. McGruder,* 514 F.2d 1288, 1290 (5th Cir.1975), cert. denied, 423 U.S. 1057, 96 S.Ct. 790, 46 L.Ed.2d 646 (1976).

**19.** *United States v. Walker,* 720 F.2d 1527, 1533–1534 (11th Cir.1983), cert. denied, 465 U.S. 1108, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984).

**20.** *Daley v. United States,* 231 F.2d 123, 125 (1st Cir.), cert. denied, 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484 (1956); *United States v. Brugman,* 655 F.2d 540, 543 (4th Cir.1981).

**21.** Tenn.R.Crim. P. 8(c); Tenn.R.Crim. P. 13(a).

tionality of the rebellion statute. Since the evidence of the appellant's guilt of attempted escape was overwhelming, the appellant and defense counsel agreed that the appellant should enter a plea of guilty to this offense in order to establish credibility with the jury. Defense counsel then attempted to show the appellant was never armed, he did not touch the prison guard, and, although he attempted to escape, he did not incite a rebellion. Counsel was successful in showing that the appellant was not armed and he did not touch the guard. However, the jury concluded that there was a rebellion, and the appellant was part of the rebellion. In short, defense counsel's strategy and trial efforts took advantage of every small crack in the prosecution's case that could be found; but, due to the wealth of evidence against the appellant, the chances of counsel obtaining an acquittal were minuscule.

■ The record reflects that the appellant voluntarily, intelligently and knowingly entered a plea of guilty to the offense of attempted escape; and the evidence of his guilt of this offense was overwhelming.

The appellant conceded that defense counsel was placed in a precarious position when the state revealed on the eve of trial that the appellant had made an oral statement and the trial judge refused to continue the trial so that counsel could prepare for the suppression hearing. Counsel did file a motion to suppress. Furthermore, the record reflects that counsel's efforts to suppress the appellant's statement comported with the mandate of *Baxter*. On direct appeal it was contended that the trial judge abused his discretion in denying defense counsel's motion for a continuance, and the statement attributed to the appellant should have been suppressed. This Court found that the denial of the motion to continue did not constitute an abuse of discretion, and the statement was admissible.

The appellant testified he was treated by a psychiatrist after he was moved to the Fort Pillow correctional facility. According to the appellant, he was heavily medicated prior to and during the trial proceedings; and he was unaware of what had occurred during this period. He stated that he had made an effort to obtain his medical records, but he had been unsuccessful. The record does not reflect that a subpoena duces tecum had been issued to a prison official, health care provider, or a hospital official for the production of the records. The appellant admits that he didn't tell defense counsel that he was taking medicine and the effect of the medicine upon his mental faculties.

Defense counsel testified that the appellant did not appear to be under the influence of drugs. Nor did his mental faculties seem to be impaired. Defense counsel had no problem conversing with the appellant prior to and during the course of the trial.

It is understandable why the trial judge did not believe the appellant's testimony. In one breath the appellant stated he was not guilty of any offense while in the next breath he conceded that he discussed plans for an escape with his brother, he was outside of his cell, there was evidence revealing an attempt to escape, and, if there had been more time before trial, he believes a compromise would have been reached and a plea bargain agreement reached by the parties. The appellant constantly stated that he couldn't remember what occurred prior to and during the trial. However, he could recall those facts that he thought would be helpful to him in minuscule detail. On the other hand, the attorney who represented the appellant was quite candid in his testimony.

Following the trial, the appellant communicated with his attorney. These letters were made an exhibit. The letters reveal that the appellant was appreciative of the services rendered and to be rendered by defense counsel, and he was satisfied with the representation he had been afforded by the attorney he now claims was ineffective.

This issue is without merit.

The judgment of the trial court is affirmed.

DWYER, J., and ARTHUR C. FAQUIN, Jr., Special Judge, concur.