IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2001

# REGINALD WEBB v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-21318     Bernie Weinman, Judge**

---

### No. W2000-01895-CCA-R3-PC - Filed August 27, 2001

---

Petitioner appeals the denial of post-conviction relief by the Shelby County Criminal Court. He contends he received ineffective assistance of counsel at his jury trial where he was convicted of second degree murder. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Russell C. Rutledge, Memphis, Tennessee, for the appellant, Reginald Webb.

Paul G. Summers, Attorney General and Reporter; Laura McMullen Ford, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy L. Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner testified at the post-conviction hearing that his trial counsel was ineffective by (1) withdrawing a motion to suppress his statements made to authorities; (2) not calling Willie Miller as a trial witness since Miller would have exonerated the petitioner; and (3) forcing or otherwise improperly advising him to testify at his trial. No other witnesses were presented by petitioner on his behalf at the post-conviction hearing.

Trial counsel testified at the post-conviction hearing that she met with the petitioner sixteen (16) times at the county jail prior to trial. Trial counsel testified that she had no legal basis to suppress the statements to authorities, and that the statements were somewhat self-serving since petitioner denied being involved in the shooting. She further testified that Willie Miller had

previously given incriminating statements about the petitioner to authorities, told her investigator that "he had seen Mr. Webb do the shooting," and subsequently told her that "he didn't know anything." Trial counsel did not believe Miller would be a helpful witness. Finally, trial counsel testified that she in no way forced the petitioner to testify but simply explained to him the advantages and disadvantages of doing so. She stated it was the petitioner's choice to testify at his trial.

The post-conviction court promptly entered model findings of fact and conclusions of law addressing each issue raised by petitioner. It found, giving credibility to the testimony of trial counsel, that the withdrawal of the motion to suppress, the failure to call Miller as a witness, and the advice given to petitioner about testifying were proper and within the range of competency demanded by an attorney in a criminal case.

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). The post-conviction court's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

Here, the evidence does not preponderate against the findings of the trial court. Petitioner has failed to establish any deficiency by trial counsel. Furthermore, as to the failure to call Miller as a witness, petitioner has failed to establish prejudice since Miller was not called as a witness in the post-conviction hearing. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE
