IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned On Briefs January 18, 2012

**LARRY EUGENE SCALES, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-B-1570    Cheryl Blackburn, Judge**

_____

**No.  M2011-00129-CCA-R3-PC - Filed April 18, 2012**

_____

Petitioner, Larry Eugene Scales, Jr., was convicted by a jury of the sale of less than .5 grams of cocaine within 1,000 feet of a school zone and sentenced to twelve years at 100%. Petitioner filed a motion for new trial but subsequently waived his right to appeal.  Petitioner then sought post-conviction relief, in part on the basis of ineffective assistance of counsel at trial.  After a hearing, the post-conviction court denied relief on the basis that Petitioner failed to show by clear and convincing evidence that he received ineffective assistance of counsel.  Petitioner appeals from the denial of post-conviction relief, arguing that he received ineffective assistance of counsel because counsel failed to: (1) get an independent measurement to determine whether the drug sale took place within 1,000 feet of a school zone; (2) request a jury instruction on the lesser included offense of casual exchange; (3) raise, preserve, or present any issues on direct appeal.  After a review of the record, we determine that Petitioner failed to present clear and convincing evidence that he is entitled to post-conviction relief.  Specifically, Petitioner failed to introduce proof at the post-conviction hearing that the sale of cocaine occurred outside the school zone.  Petitioner entered a knowing and voluntary waiver of his right to appeal in accordance with Tennessee Rule of Criminal Procedure 37(d)(2) and therefore cannot show prejudice from a lack of an objection by counsel to a denial of a jury instruction on casual exchange.   Accordingly, we affirm the judgment of the post-conviction court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Judith Lojek, Nashville, Tennessee, for the appellant, Larry Eugene Scales, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner's conviction stemmed from a controlled drug buy conducted by the Metropolitan Nashville Police Department on December 1, 2006, for which Petitioner was indicted for the sale of less than .5 grams of cocaine within 1,000 feet of a school. At trial, Officer Corey Sanderson explained that he was working undercover in the Crime Suppression Unit in an area near Glenn Middle School in North Nashville. Around 8:30 p.m., Officer Sanderson saw Robert Rucker, the co-defendant, jumping up and down and waving his arms on Hancock Street. Officer Sanderson approached Mr. Rucker and asked to buy twenty dollars worth of crack cocaine. Mr. Rucker offered to take Officer Sanderson to see his "cousin," Petitioner.

Officer Sanderson gave Mr. Rucker a ride to Petitioner's location in front of 817 North Second Street. Officer Sanderson pulled the car to the side of the street so Officer Sanderson could talk to Petitioner through the passenger-side window. Mr. Rucker identified Petitioner as "my friend, Craig." Officer Sanderson handed a twenty dollar bill to Mr. Rucker, who stepped out of the car and handed the money to Petitioner. Petitioner produced a plastic bag containing crack cocaine from the waistband of his pants and handed it to Mr. Rucker. When Mr. Rucker got back into the car he handed the drugs to the officer. Officer Sanderson commented "that's a good deal," signaling the other officers involved in the operation to move in for the arrests. The money given by Officer Sanderson to Mr. Rucker and eventually Petitioner was recovered from the street where Petitioner was standing.

David Kline of the Metro Planning Department testified at trial and introduced a map showing 815 North Second Street[1] and its proximity to Glenn Middle School.

Petitioner did not testify at trial.

At the conclusion of the trial, trial counsel orally requested a jury instruction on casual exchange. The trial court denied the request. Trial counsel did not make any written requests

---

[1] The controlled buy took place at 817 North Second Street. The map introduced at trial measured the distance from 815 North Second Street. There is no explanation for the discrepancy. Counsel for Petitioner did not object to the testimony about the distance or the discrepancy in the address.

for jury instructions. The jury found Petitioner guilty of selling less than .5 grams of cocaine within 1,000 feet of a school.

At the sentencing hearing, Petitioner testified. During his testimony he admitted that he sold drugs to the undercover officer outside his home at 817 North Second Street. Petitioner was sentenced as a Range II, Multiple Offender to the minimum sentence of twelve years at 100%.

Shortly after trial, trial counsel withdrew from representation to take a job with TennCare. A new attorney was appointed to represent Petitioner. A motion for new trial was filed. Petitioner then filed a waiver of appeal at the beginning of the hearing on the motion for new trial.

Petitioner subsequently filed a pro se petition for post-conviction relief. In the petition, Petitioner sought relief on the basis of ineffective assistance of counsel and the failure of the trial court to properly charge the jury with the lesser included offense of casual exchange. An amended petition was filed after counsel was appointed, adding several new grounds for relief with respect to ineffective assistance of counsel.

The post-conviction court held a hearing on the petition. At the hearing, trial counsel testified. She recalled that shortly after Petitioner's trial, she filed a motion to withdraw because she left the private practice of law to take a job with TennCare. Trial counsel did not recall a lot of details about the trial, had not reviewed the case, and informed the court that she had not practiced law since the end of 2007. In fact, trial counsel could not recall what motions she filed. Trial counsel remembered requesting funds to hire an investigator to look into the distance from the transaction to the school, but those funds were denied. She was able to remember that she did not file a written request for jury instructions.

Appellate counsel also testified at the hearing. According to appellate counsel, a motion for new trial was filed after a brief discussion of the possible issues to pursue on appeal. An amended motion was filed after a review of the trial transcript. At the date for the hearing on the motion for new trial, Petitioner expressed his desire to abandon the appeal. Appellate counsel recalled that Petitioner admitted that he committed the offense at the sentencing hearing. At that time, the State recommended the minimum sentence of twelve years at 100%. Appellate counsel felt that it made sense to waive the appeal after Petitioner admitted his guilt at the sentencing hearing and received the minimum sentence. Appellate counsel advised Petitioner that if he were successful on appeal, he could potentially receive a longer sentence.

At the conclusion of the post-conviction hearing, the post-conviction court determined that Petitioner failed to show by clear and convincing evidence that he suffered any prejudice from the alleged deficiencies of counsel. Further, the post-conviction court determined that the admission of guilt at the sentencing hearing was akin to a guilty plea and determined that Petitioner made the waiver with an awareness of the consequences. The post-conviction court denied the petition. Petitioner has filed a timely notice of appeal.

*Analysis*

*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, Petitioner complains that the post-conviction court improperly denied his petition for post-conviction relief. Specifically, Petitioner argues that he received ineffective assistance of counsel because counsel: (1) failed to secure an independent measurement at trial to determine whether the sale of cocaine occurred within 1,000 feet of a school zone; (2) failed to object when the trial court did not instruct the jury on casual exchange; and (3) failed to advise Petitioner of the implications of the waiver of appeal.

The post-conviction court determined that Petitioner knowingly waived his right to appeal his conviction after speaking with trial counsel and admitted his guilt at the sentencing hearing. The post-conviction court determined that Petitioner failed to adduce clear and convincing evidence that he received ineffective assistance of counsel.

The record supports the conclusions of the post-conviction court. Petitioner argues that trial counsel should have called a witness to testify about the distance of the drug sale to the school zone. The only proof at the post-conviction hearing with regard to this issue came from trial counsel and appellate counsel. Petitioner did not testify and did not present any proof that the sale of cocaine occurred outside of a school zone. "When a [post-conviction] petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, presenting such witnesses in the post-conviction hearing is the only way a petitioner can establish that "the failure to discover or interview a witness inured to his prejudice . . . or . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Id.* Accordingly, even a petitioner who establishes that trial counsel deficiently

performed by failing to investigate or call witnesses is entitled to no relief "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." *Id.* at 757-58. Additionally, this issue could have been presented on direct appeal. Petitioner chose to waive his direct appeal. Any issue that could be raised on direct appeal is waived, absent some proof that Petitioner's waiver was improperly executed. *See* T.C.A. § 40-30-106(g); Tenn. R. Crim. P. 37(d)(2).

Next, Petitioner complains that trial counsel was ineffective for failing to object when the trial court did not instruct the jury on casual exchange. Again, this issue could have been presented on direct appeal. Because Petitioner waived his right to a direct appeal, the propriety of the trial court's denial of counsel's oral motion for a casual exchange instruction was never determined. The only conceivable prejudice from a failure of counsel to further object to the denial of a special jury instruction would be that the lack of an objection constituted a waiver of the issue on appeal. Since Petitioner waived his direct appeal he has failed to show what would have happened in a direct appeal concerning counsel's failure to object to the denial of a casual exchange instruction. He has therefore failed to establish prejudice with regard to this allegation.

Lastly, Petitioner argues that trial counsel was ineffective for failing to advise Petitioner of the implications of the waiver of appeal. The post-conviction court reviewed the waiver and the testimony from the post-conviction hearing. The post-conviction court accredited the testimony of trial counsel that the waiver was knowingly and intelligently made. The record before this Court includes both the signed, written waiver and the transcript from the hearing during which Petitioner waived his right to appeal. Petitioner did not present any evidence at the post-conviction hearing to the contrary. The evidence does not preponderate against the judgment of the post-conviction court. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE