IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2016

**BRANDON L. KIRK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Robertson County**
**No. 2010CR668, 2010CR670     William R. Goodman, III, Judge**
_____

**No. M2015-01203-CCA-R3-PC – Filed July 13, 2016**
_____

Following two jury trials, Petitioner, Brandon L. Kirk, was convicted of various offenses which resulted in a total effective sentence of 22 years.  All convictions were affirmed on appeal.  *State v. Brandon L. Kirk*, No. M2012-01331-CCA-R3-CD, 2013 WL 3148276 (Tenn. Crim. App. June 18, 2013).  Petitioner filed a *pro se* petition for post-conviction relief.  Counsel was appointed and an amended petition was filed.  Following an evidentiary hearing in which only Petitioner and trial counsel testified, the post-conviction court denied relief.  Petitioner has appealed, asserting that trial counsel rendered ineffective assistance of counsel.  After a thorough review, we affirm the judgment of the post-conviction court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., joined.  ROGER A. PAGE, J., not participating.

Gregory D. Smith, Clarksville, Tennessee, for the petitioner, Brandon L. Kirk.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; John W. Carney, District Attorney General; and Jason White, Assistant District Attorney General, for the respondent, State of Tennessee.

**MEMORANDUM OPINION**

In his brief, Petitioner argues that the proof in the evidentiary hearing showed:  (1) that trial counsel rendered ineffective assistance by meeting with petitioner only two times prior to trial for approximately fifteen minutes each meeting; and (2) that trial counsel refused to read before trial numerous letters written to Petitioner by the victim of

the domestic assault related convictions Petitioner received.    Petitioner also asserted that trial counsel refused to present the victim's letters at trial.

Petitioner testified at the post-conviction hearing that the letters were in his possession pre-trial and that he did not give them to trial counsel because trial counsel told him not to hand them over.  Petitioner did not produce the letters at the evidentiary hearing and offered no testimony as to where the letters were located at the time of the post-conviction hearing.  Petitioner testified, however, that in the letters, the victim expressed her continued love for Petitioner, yet stated that she could not understand why he did the things for which he had been indicted.

Although Petitioner argues that trial counsel provided deficient performance in only meeting twice with Petitioner pre-trial, he submits no argument that this purported deficient performance resulted in prejudice to Petitioner.  Trial counsel's testimony reflected that he met with Petitioner much more than just two fifteen-minute meetings.  Trial counsel testified that based on what Petitioner stated was in the victim's pre-trial letters to Petitioner, he did not want to use them at trial because they did not contradict her previous version of Petitioner's criminal conduct.  In its written order denying post-conviction relief, the post-conviction court implicitly accredited trial counsel's testimony.

In a post-conviction proceeding, the burden is on the Petitioner to prove his grounds for relief by clear and convincing evidence.  T.C.A. § 40-30-110(f); *see Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009).  In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).  "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim.  Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component."  *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).  A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms."  *Id.* at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter*, 523 S.W.2d at 936).  Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  *Id.* at 370 (quoting *Strickland*, 466 U.S. at 694).  Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

*Strickland*, 466 U.S. at 689; *see also Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

As to Petitioner's claims regarding trial counsel's refusal to read or use the victim's letters, the accredited testimony of trial counsel showed there was no deficient performance. Furthermore, the letters should have been introduced at the evidentiary hearing in order to prove how Petitioner could have possibly been prejudiced by trial counsel's refusal to read or use the letters at trial. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *Randall K. Madison v. State*, No. M2014-01942-CCA-R3-PC, 2015 WL 9488951, at *17 (Tenn. Crim. App. Dec. 29, 2015).

In this appeal, Petitioner has failed to show how the post-conviction court erred in denying post-conviction relief. Petitioner failed to prove deficient performance and presented no evidence of prejudice to his defense even if the alleged conduct of trial counsel had been proven. In this post-conviction case, judgment was rendered before the post-conviction court, without a jury, the judgment was not a determination of guilt, and the evidence does not preponderate against the finding of the post-conviction judge. With no error of law requiring a reversal apparent in the record, the judgment of the post-conviction court is affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, PRESIDING JUDGE