IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 5, 2019 Session

**BRIAN LEE WEBB v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Benton County**
**No. 15-CR-39     Charles C. McGinley, Judge**

———————————————

**No. W2018-01664-CCA-R3-PC**

———————————————

Petitioner, Brian Lee Webb, appeals from the denial of his petition for post-conviction relief. Because Petitioner failed to establish that he received ineffective assistance of counsel, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., and JOHN EVERETT WILLIAMS, P.J., joined.

Jack Aaron Leonard, Camden, Tennessee, for the appellant, Brian Lee Webb.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Michelle Deloach, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History and Factual Summary*

Petitioner was indicted with rape of a child and aggravated sexual battery in Benton County. Petitioner proceeded to trial, during which the following facts were adduced. *See State v. Brian Lee Webb*, No. W2015-01809-CCA-R3-CD, 2016 WL 4060650, at *1 (Tenn. Crim. App. July 27, 2016), *perm. app. denied* (Tenn. Nov. 22, 2016).

Petitioner went to his girlfriend's house where the victim was also staying. *Id.* While at the house, he was in a room with the six-year-old victim whom he told to get on

a bed. *Id*. After she got on the bed, Petitioner pulled out his penis and put it in the victim's mouth. *Id*. The victim told Petitioner to stop, but he continued the behavior for around a minute. *Id*. After he stopped, Petitioner proceeded to put his hands down the victim's pants and touched her "private spots." *Id*.

The jury convicted Petitioner of both charges, and he received an effective 40 years' imprisonment. *Id.* Petitioner filed a timely post-conviction petition, asserting ineffective assistance of counsel. Petitioner claimed that his trial counsel failed to request a pre-trial psychiatric evaluation, failed to use prior testimony to call into question the credibility of a witness, failed to challenge jurors, and failed to give professional advice in regard to plea agreements. The post-conviction court determined Petitioner presented a colorable claim. Counsel was appointed.

## Post-Conviction Proceedings

At the post-conviction hearing, trial counsel testified that he did not file a Notice of Intent to use the Insanity Defense or the Diminished Capacity Defense because Petitioner was examined at Pathways Behavioral Health Services and found to be "competent." Trial counsel acknowledged that he received a letter from Pathways recommending that Petitioner "should seek psychiatric services to include individual counseling and be assessed to see if medication management is appropriate."

Trial counsel believed Petitioner to be "competent" based on their interactions. Trial counsel was aware Petitioner was illiterate and had a learning disability. Trial counsel explained that he met with Petitioner more frequently than his normal clients because Petitioner was "mentally slow" and trial counsel wanted to make sure Petitioner "understood what was going on." Further, he was aware Petitioner was receiving "SSI" checks for some form of mental disability.

Trial counsel was aware that Petitioner had a traumatic brain injury. Trial counsel did not look into the medical records surrounding this incident or speak with Petitioner's doctor because he "didn't see any sense in it" after Pathways deemed Petitioner competent. Trial counsel called Petitioner's sister as a witness to testify about the injury at trial.

Petitioner's mother testified at the post-conviction hearing as to the mental state of her son. She noted that he had "mild mental retardation" as well as a host of other issues and that his mental condition worsened after the car accident in 2010. She was only aware of trial counsel meeting with Petitioner on one occasion when he was out on bond.

Petitioner reiterated his mental condition in his testimony and further stated that he was in a special housing unit in prison for inmates with mental illness. He also said that

trial counsel only met with him twice before trial and that the meetings only lasted about ten minutes.

Following the hearing, the post-conviction court denied the petition by written order. The court determined that Petitioner was ably represented by trial counsel who engaged in appropriate discovery, explored all potential defenses, and did nothing to suggest a deviation from constitutionally effective representation. The post-conviction court concluded that Petitioner had not been deprived of any constitutional rights that would support post-conviction relief. Petitioner filed a timely notice of appeal.

*Analysis*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail on a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

On appeal, Petitioner argues that trial counsel failed to properly ascertain his mental condition and failed to follow the guidelines set forth by the United States Supreme Court in *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985), for defendants with competency issues. Specifically, Petitioner argues that trial counsel was deficient for failing to request an expert to review Pathways' evaluation. The State maintains that Petitioner has not established ineffective assistance of counsel and that trial counsel's actions were reasonable.

When a petitioner raises an ineffective assistance of counsel claim, this Court is obligated to review that claim according to certain well-settled principles. Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of

counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must prove both that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999); *see also Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). This Court will not use hindsight to second-guess a reasonable trial strategy, even if a different procedure or strategy might have produced a different result. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In order to determine prejudice, the question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* (quoting *Strickland*, 466 U.S. at 691).

The post-conviction trial court issued findings of fact and conclusions of law that Petitioner was "ably represented by counsel who engaged in appropriate discovery, explored all potential avenues of defense and did not do anything that in any way would remotely suggest a deviation from constitutionally effective representation." The record does not preponderate against the findings of the post-conviction court.

Here, trial counsel relied on Pathways' conclusion that Petitioner was competent to stand trial and able to appreciate the wrongfulness of his actions. Further, trial counsel testified that his personal interactions with Petitioner led him to believe Petitioner was competent for trial. Petitioner's reliance on *Ake* is unfounded. The Supreme Court held that the State is required to provide the defense with "access to competent psychiatrist who will conduct an examination and assist in evaluation, preparation, and presentation of the defense." *Ake*, 470 U.S. at 83. However, these instructions are only to be followed if counsel can prove to the judge that "sanity at the time of the offense is to be a significant factor at trial." *Ake*, 470 U.S. at 83. In this case, trial counsel reasonably believed Petitioner was competent at the time of the offense. Trial counsel believed Petitioner's mental health would not be a significant factor at trial, and trial counsel was not required to show the judge otherwise.

Moreover, Petitioner cannot establish deficiency on this claim because he did not present an expert witness at the post-conviction hearing like the one he claims trial counsel should have requested. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Further, because Petitioner did not present an expert witness, he failed to establish the prejudice requirement as well. *Id.* Petitioner did not present any proof, other than his own testimony, to establish that further expert evaluation would have assisted his case at trial. Thus, Petitioner cannot establish prejudice. Petitioner's claim that trial counsel was deficient for not seeking additional mental health assistance does not entitle him to post-conviction relief.

In sum, Petitioner failed to establish either deficient performance or prejudice with regard to the allegation of ineffective assistance of counsel. Petitioner also failed to establish that his trial counsel failed to comply with *Ake*. All other allegations are treated as waived because Petitioner failed to raise them in his brief on appeal. *See* Tenn. Crim. App. Rule 10(b). Therefore, the post-conviction court properly denied post-conviction relief.

*Conclusion*

For the aforementioned reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE